Lee, J.
This was an action of assumpsit in the Circuit court of Wood county, in which Lewis Jones, the defendant in error, was plaintiff, and Kennaird and Murdock, the plaintiffs in error, were defendants.
The declaration consisted of three counts. The defendants appeared and demurred generally to the whole *184 declaration, and also to each count thereof, and the plaintiff joined in said demurrers. The defendants also pleaded 11non assumpsere,” and “not guilty,” and the plaintiffs joined issue on both. The court then proceeded to hear the demurrers, and gave judgment thereon for the plaintiff, and that the same should be overruled. Whereupon the case being submitted to a jury, a verdict was found for the plaintiff', and judgment thereon was then rendered in his favor; and to this judgment the plaintiffs in error have obtained a supersedeas from this court.
The only questions presented by the record are those arising upon the demurrers to the declaration, and to the several counts which it contains. Upon the demurrer to the entire declaration we are first to enquire whether either of the counts be good; for if there be one good count, that demurrer must be overruled, unless it be found united with some other which cannot properly be joined with it. Duke of Bedford v. Alcock, 1 Wils. R. 248 ; Mumford v. Fitzhugh, 18 John R. 457 ; Roe v. Crutchfield, 1 Hen. & Munf. 361; Henderson v. Stringer, 6 Gratt. 130. The third count is the ordinary indebitatus assumpsit for the price of logs sold and delivered, and for money due upon an account stated, and is clearly good as it stands, on general demurrer. The first count is upon a special contract for the sale of logs, and it is not contended that such a count might not properly be united with the third. But it is suggested that the second count is in the nature of a count in case, as for a tort, and cannot be properly joined with the other two. Such, however, is clearly not its true character: It is a count in assumpsit, upon a special contract of bailment, setting out the promise and undertaking of the defendants, the consideration upon which it was founded, the breach of that promise by the defendants, and their neglect and carelessness, and the loss to the plaintiff occasioned thereby. The *185 count is fully sustained by tbe precedent in 2 Chit. Pl. 333, and is undoubtedly good, as assumpsit may be maintained against any bailee, upon the contract of ment, for any neglect or breach of duty. 1 Chit. Pl. 115 ; and it is not only proper and correct, but recommended as advisable, to add to such counts, counts for goods sold and delivered, &c. and the general money counts. 2 Chit. Pl. 335, 6. I think, therefore, there can be no doubt the demurrer to the declaration was properly overruled.
I have already expressed the opinion that the second and third counts in the declaration are good, and the only remaining question is as to the first count; and this depends upon the true meaning and construction of the contract which this count sets out, and its legal effect. If it amounts to a mere sale of property, in the ordinary way, at a specified price, a part of which was paid in hand, and the balance to be paid when requested, a simple count in indebitatus assumpsit, to the effect stated, would be quite sufficient. But the plaintiff did not think it safe to rely upon a general count of this kind, but deemed it expedient to declare upon and set out the special contract. He alleges, that in consideration that he would sell the defendants a raft of logs belonging to him, then lying in the Ohio river, about half a mile below the landing of the defendants, for a given sum, deducting therefrom the expense of navigating and floating the said logs to the landing of defendants, which they might incur over and above the services of Murdock (one of the defendants) and a negro in his employ, the defendants promised to pay him for _the same the sum of 3 dollars down, earnest money, and the residue of the agreed price, less the expense aforesaid, when they should be afterwards requested; and that they (the defendants) would cause the raft to be navigated and floated to their landing aforesaid as soon as the state *186 of the river would permit. It then avers, that the plaintiff thereupon sold and delivered the raft to the defendants, who paid the 3 dollars earnest money, but have failed to pay the balance of the agreed price, less the expense of floating the logs to their landing, although often requested so to do, and although plaintiff had been always ready to pay the expense of floating them as aforesaid. The question then arises upon this special contract, at what time the parties contemplated and agreed that the balance of the money - (less the expense of floating the logs) should be paid ? Was it to be paid at the time of the sale and delivery -of the logs, or when they should be floated by the defendants up to their landing, and the expense of that -work should be ascertained (or which would be the - same) when the defendants should have had a reasonable opportunity and time for floating them, and ascertaining the expense after the state of the river had become such as to admit of it ? If it was to be paid at the time of the sale and delivery, the simple indebitatus count would have sufficed; and it would have been unnecessary to have distinguished between the ■ 3 dollars earnest money and the residue of the price of the logs. It would also have been unnecessary to aver that the defendants undertook on their part to navigate and float the logs up to their landing as soon as the state of the river should permit. It would seem rather from the stipulation, for the payment of the 3 dollars down, that the residue was not to be paid until a subsequent period; and when it is observed that this balance was to be subject to a deduction for the amount of certain expenses thereafter to be incurred about the logs, to wit, for floating them up to defendants’ landing, and thereafter to be ascertained, it may be fairly inferred that it was not to be • paid until the logs had been floated to the specified point, and the necessary expense of the work properly *187 adjusted; supposing, of course, that the defendants, who took that duty upon themselves, should perform it in due season when the state of the river permit. But as the defendants might unduly delay this work of floating up the logs, and thus keep.the plaintiff waiting for an unreasonable time for his money, it was stipulated that the defendants should perform that work as soon as the state of the river would permit. It seems to me, therefore, that the parties must have contemplated and understood that the balance of the price of the logs was not to be paid until the logs should have been floated up to the defendants’ landing, and the expense thereby incurred ascertained and deducted; or until the defendants had had reasonable time and opportunity (after the state of the river should have become such as to admit of it) to float them up to their landing, and had delayed and neglected so to do. And in this view, and adopting this as the true interpretation of the contract between the parties, it would seem that the declaration should aver either that the logs had been floated up to the defendants’ landing, or that the state of the river had become such as to admit of it, but that the defendants had unduly neglected, failed or delayed to do it; and for want of such an averment, or its equivalent, it seems to me that the first count is defective, as not showing a perfect and consummate right of action.
It is urged however, that even if this can be imputed as a defect in the declaration, yet that it is one which cannot be taken advantage of on general demurrer, because it is said, if there had been no demurrer the court would not after verdict for the plaintiff, correct the judgment, and that nothing can be taken advantage of on general demurrer which would not be a sufficient cause to arrest the judgment after verdict; and the opinion of the judges in the case of Roe v. *188 Crutchfield, 1 Hen. and Munf. 361, are referred to and I'eMed on in support of that position. That case was in 1807, and the opinions of the judges were iQ reference to the provision of the act of 1789, ch. 28, (1 Rev. Code of 1803, p. 112,) declaring that on a general demurrer, the court shall not regard any defect or imperfection, unless something be omitted so essential that judgment according to law and the very right of the case cannot be given. This provision was reenacted at the revisal of 1819, in almost identically the same terms; and according to those terms the court must have enough to give judgment, “ according to law and the very right of the case.”
In the case of Ambler et ux v. Norton, 4 Hen. and Munf. 23-46, Judge Roane, alluding to this provision of our statute, remarked that “ Notwithstanding the comprehensiveness of the above terms, we must have enough in the plea” (he was considering the subject of a demurrer to a plea in a writ of dower uncle nihil habet) “ to enable us to give judgment according to law and the right of the cause.” — “ On this subject,” he adds, “I am of opinion that what is substance or not, is to be determined on every action according to its nature.” — “I also think,” he says, “ we ought to adopt a principle in relation to demurrers analogous to that adopted in relation to general verdicts. In respect to them it is held that though a matter must have been proved to the jury, and the general words of the act of jeofails would seem to extend to all such cases, yet that the gist of the action must be laid in the declaration, or else a judgment thereupon cannot be given.” In Bac. Abr. (by Gwillim) p. 359, it is laid down that the established distinction herein between a general demurrer and a special demurrer, is that matter of substance* that is, the omission of anything that is necessary to show a right in the plaintiff, or material for the defendant in his plea, may be taken advantage of on general *189 demurrer; but matters of form merely must be spedally alleged a,nd assigned as causes of demurrer; and it is said that the distinction is founded on the law, and is but confirmed and explained by the statute 27 Eliz., ch. 5, § 1; and an omission by reason of which the right does not appear, is substance and bad on general demurrer; Heard v. Baskerville, Hob. R. 232; so that the enquiry resolves itself into the question, whether the omission is of matter of substance or of form only;, of some matter necessary to shew that the party has a perfect right, or only of something in the manner and form of stating his right. It is true that under the sweeping provision introduced into our Code at the revisal of 1819, that after verdict, no judgment should be arrested for any defect whether of form or substance, which might have been taken advantage of by demurrer, but was not so taken advantage of, the omission of the allegation in question in this case, if no demurrer had been filed, could not have served to stay the judgment after verdict; yet I apprehend that prior to the introduction of that provision, it would have been sufficient to have had that effect. A general demurrer has been put in and the question is the same, is the omission in the first count to aver that the logs had been floated and navigated up to the defendants’ landing, or that the state of the river had been such as to admit of its being done, and that the defendants had unduly neglected or delayed to do it, or some other matter that would be equivalent to or serve as a substitute for such an allegation, a matter of substance or of form only ? I think the former; because in the absence of any such allegation, it seems impossible to say that the plaintiff shows a perfect right to demand and recover the balance of the agreed price.
With regard to the provisions in the Code of 1849, referred to by the counsel, (p. 650, § 31; p. 647, § 11; p. 680, § 3,) I deem it only necessary to remark, that *190 they prescribe no new or different rule as applicable to the question here, because all of them, so far as they could'effect this question, are in fact embraced in the provisions of the act of 1819. But were this otherwise and if they did prescribe a new rule for the government of such questions, they could not apply in this case, as it was decided before the Code of 1849 took effect, and must be governed by the law then in force.
I am of opinion that the court erred in overruling the demurrer to the first count in the declaration; that the judgment should be reversed with costs, the verdict set aside and the cause remanded, with leave to the plaintiff to amend his declaration, and to the defendants to plead de novo.